**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4675**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MARQUIS SENTEL TAYLOR,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:12-cr-00519-TLW-1)

_____

Submitted:  March 25, 2014        Decided:  March 27, 2014

_____

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Scarlet B. Moore, Greenville, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Sentel Taylor pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute five or more kilograms of cocaine and 280 grams or more of cocaine base ("crack"). Following a four-level downward departure, he received a 120-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising two issues: (1) whether the district court erred in conducting Taylor's plea hearing; and (2) whether the district court erred in sentencing him. For the reasons that follow, we affirm.

Taylor first questions the validity of his guilty plea. Our review of the plea hearing reveals that the district court fully complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (providing standard of review). Thus, the court did not err in accepting as knowing and voluntary Taylor's guilty plea.

Second, we review a criminal sentence, whether inside or outside the Sentencing Guidelines range, for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this

2

review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Gall, 552 U.S. at 51. If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We conclude that there was no procedural error at sentencing and that the ten year sentence was substantively reasonable. In accordance with Anders, we have reviewed the record in this case, including the issues raised in Taylor's pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Taylor's conviction and sentence. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Taylor.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED